IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

EVA NELL HILDRETH,                )
                                  )
          Plaintiff,              )
                                  )
     v.                           )     1:14CV660
                                  )
CAROLYN W. COLVIN,                )
Acting Commissioner of Social     )
Security,                         )
                                  )
          Defendant.              )

### MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Plaintiff, Eva Nell Hildreth, brought this action pursuant to the Social Security Act (the "Act") to obtain judicial review of a final decision of Defendant, the Commissioner of Social Security, denying Plaintiff's claim for Disability Insurance Benefits ("DIB"). (Doc. 2.) This court has before it the certified administrative record (cited herein as "Tr. at __"), as well as the parties' cross-motions for judgment (Docs. 8, 10). For the reasons that follow, this court will remand this matter for further administrative proceedings.

### I. PROCEDURAL HISTORY

Plaintiff filed an application for DIB on January 13, 2012, alleging a disability onset date of August 30, 2010. (Tr. at 155-56.) Upon initial denial of that application (Tr. at 43-51,

91-99) and on reconsideration (Tr. at 52-66, 101-08), Plaintiff requested a hearing de novo before an Administrative Law Judge ("ALJ") (Tr. at 109).  Plaintiff, her attorney, and a vocational expert ("VE") attended the hearing.  (Tr. at 23-42.)  By decision dated February 5, 2014, the ALJ determined that Plaintiff did not qualify as disabled under the Act.  (Tr. at 67-83.)  On June 3, 2014, the Appeals Council denied Plaintiff's request for review (Tr. at 5-9), making the ALJ's ruling the Commissioner's final decision for purposes of judicial review.

In rendering that disability determination, the ALJ made the following findings later adopted by the Commissioner:

> 1. [Plaintiff] last met the insured status requirements of the [] Act on December 31, 2010.
>
> 2. [Plaintiff] did not engage in substantial gainful activity during the period from her alleged onset date of August 30, 2010 through her date last insured of December 31, 2010.
>
> 3. Through the date last insured, [Plaintiff] had the following severe impairments: degenerative disc disease . . . of the neck and low back, and a history of alcohol and drug abuse . . . .
>
>     . . . .
>
> 4. Through the date last insured, [Plaintiff] did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
>     . . . .
>
> 5. . . . [T]hrough the date last insured, [Plaintiff] has the residual functional capacity to

perform light work . . . except frequent not constant
use of the hands and arms.

. . . .

6. Through the date last insured, [Plaintiff] was
capable of performing her past relevant work as a
secretary and research secretary. This work did not
require the performance of work-related activities
precluded by [Plaintiff's] residual functional
capacity.

. . . .

7. [Plaintiff] was not under a disability, as
defined in the [] Act, at any time from August 30,
2010, the alleged onset date, through December 31,
2010, the date last insured.

(Tr. at 72-78 (internal parenthetical citations omitted).)

## II. **STANDARD OF REVIEW**

In cases such as this one, where the matter was previously adjudicated by an ALJ, review of the ALJ's ruling is limited to the following two issues: (1) whether substantial evidence supports the ALJ's decision; and (2) whether the ALJ applied the correct legal standards. See 42 U.S.C. § 405(g); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The question is not whether Plaintiff is disabled, but whether or not the ALJ's finding that Plaintiff is not disabled is supported by substantial evidence and based upon a correct application of the relevant law. See Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). If a reasonable mind might accept as adequate the evidence in

support of the ALJ's decision, the court should not reweigh the evidence or substitute its judgment for that of the ALJ. Hays, 907 F.2d at 1456.

### III. **DISCUSSION**

Plaintiff contends that this court should overturn the ALJ's finding of no disability on several grounds:

(1) "[T]he ALJ err[ed] by failing to include any mental limitations" in the residual functional capacity or in the hypothetical question to the VE. (Pl.'s Br. in Supp. of Mot. for J. on the Pleadings ("Pl.'s Mem.") (Doc. 9) at 2.)

(2) "The ALJ erred as a matter of law by" finding Plaintiff's post-traumatic stress disorder, major depressive disorder, and borderline personality disorder "non-severe impairments at step two." (Id. at 6.)

(3) "The ALJ erred as a matter of law by failing to give substantial weight to the VA's 100% disability rating." (Id. at 8.)

(4) "The ALJ failed to conduct a proper . . . analysis" of Plaintiff's credibility under the Craig decision. (Id. at 9, 12.)

Defendant contends otherwise and seeks affirmance of the ALJ's decision. (Def.'s Mem. in Supp. of Mot. for J. on the Pleadings ("Def.'s Mem.") (Doc. 11) at 5-15.)

- 4 -

### A. <u>VA Disability Rating</u>

Via Plaintiff's third assignment of error, she challenges the ALJ's conclusion that "she was not bound by" Plaintiff's VA disability rating of 100% for post-traumatic stress disorder ("PTSD"). (Pl.'s Memo. (Doc. 9) at 8 (citing Tr. at 77); <u>see also</u> Tr. at 169-75 (VA disability ratings dated April 28, 2006, and September 20, 2008).) According to Plaintiff, the ALJ's rationale, that "'the basis for a VA disability rating is actually injury rather than the limitations in the activities of work which are the focus of an evaluation under the . . . Act,'" (<u>id.</u> (citing Tr. at 77)), contradicted the Fourth Circuit's decision in <u>Bird v. Commissioner of Social Security Administration</u>, 699 F.3d 337 (4th Cir. 2012), in two respects. First, Plaintiff notes <u>Bird</u>'s holding that "'a VA disability determination must be accorded substantial weight in Social Security disability proceedings,'" (Pl.'s Mem. (Doc. 9) at 8 (citing <u>Bird</u>, 699 F.3d at 345)), and argues that, pursuant to <u>Bird</u>, ALJs may deviate from the substantial weight standard only "if the <u>particular</u> facts of the case warrant." (<u>Id.</u>) Plaintiff asserts that the ALJ here failed to cite any specific evidence to justify her departure from the <u>Bird</u> standard. (<u>Id.</u> (citing Tr. at 77).) Second, Plaintiff maintains that the ALJ's reliance on "alleged <u>general</u> differences between a Social Security disability determination and a VA disability

- 5 -

determination" runs counter "to Bird, which recognized the substantial similarity between Social Security cases and VA cases." (Id. at 8-9 (citing Bird, 699 F.3d at 343 ("Because the purpose and evaluation methodology of both programs are closely related, a disability rating by one of the two agencies is highly relevant to the disability determination of the other agency.")).) This court finds that Plaintiff's contentions on these points have merit.

On April 28, 2006, the VA issued a 100% disability rating for Plaintiff's PTSD, effective January 11, 2006, based upon multiple reported symptoms, including two suicide attempts in 2004 and 2005 with daily suicidal ideation, excessive sleep, "bad thoughts," nightmares, and a dysphoric mood. (Tr. at 171.) The VA concluded that Plaintiff suffered "moderate to severe occupational impairment with total social impairment due to [her] service connected PTSD." (Id.) The VA noted that, due to a "likelihood of improvement" in Plaintiff's condition, its disability rating was not permanent but "subject to a future review examination." (Id.) Thereafter, on September 20, 2008, the VA reevaluated Plaintiff's PTSD and concluded as follows:

> We have continued your current 100 percent evaluation due to evidence of total occupational and social impairment, due to your symptoms: gross impairment in thought processes or communication; grossly inappropriate behavior; persistent danger of hurting self or others. The contract examiner has indicated that your symptoms have not improved and this

- 6 -

>     condition continues to cause a total occupation[al]
>     and social impairment.  Your condition is considered
>     to be static in nature and the requirement for review
>     examination has been removed.

(Tr. at 174.)  The ALJ's analysis of these disability ratings consists of the following statement: "The undersigned notes the 100% rating by the VA; however, this agency is not bound by this ruling as the basis for a VA disability rating is actually injury rather than the limitations in the activities of work which are the focus of an evaluation under the . . . Act."  (Tr. at 77.)

In Bird, the Fourth Circuit addressed for the "weight that the SSA [Social Security Administration] must afford to a VA disability rating."  Bird, 699 F.3d at 343.  The court observed the similarities between the evaluation of disability by the VA and the SSA:

>     [B]oth the VA and Social Security programs serve the
>     same governmental purpose of providing benefits to
>     persons unable to work because of a serious
>     disability.  Both programs evaluate a claimant's
>     ability to perform full-time work in the national
>     economy on a sustained and continuing basis; both
>     focus on analyzing a claimant's functional
>     limitations; and both require claimants to present
>     extensive medical documentation in support of their
>     claims.

Id. (internal quotations and citations omitted).  After reviewing the "varying degrees of evidentiary significance" other circuits afford VA disability ratings, the Fourth Circuit held as follows:

> The VA rating decision reached in [the plaintiff's] case resulted from an evaluation of the same condition and the same underlying evidence that was <u>relevant</u> to the decision facing the SSA. Like the VA, the SSA was required to undertake a comprehensive evaluation of [the plaintiff's] medical condition. Because the purpose and evaluation methodology of both programs are closely related, a disability rating by one of the two agencies is <u>highly relevant</u> to the disability determination of the other agency. Thus, we hold that, in making a disability determination, the SSA must give <u>substantial weight</u> to a VA disability rating. However, because the SSA employs its own standards for evaluating a claimant's alleged disability, and because the effective date of coverage for a claimant's disability under the two programs likely will vary, an ALJ may give less weight to a VA disability rating when the record before the ALJ <u>clearly demonstrates</u> that such a deviation is appropriate.

<u>Id.</u> (emphasis added).

The ALJ's assessment of Plaintiff's VA disability ratings runs afoul of <u>Bird</u> in two significant respects. First, the ALJ's statement that she was "not bound by" the VA's disability ratings because the VA's disability standards differed from those of the Social Security Administration, (Tr. at 77), disregards <u>Bird</u>'s holding to the contrary that, "[b]ecause the purpose and evaluation methodology of both programs are <u>closely related</u>, a disability rating by one of the two agencies is <u>highly relevant</u> to the disability determination of the other agency." <u>Bird</u>, 699 F.3d at 343 (emphasis added). The ALJ's rejection of the disability ratings constitutes a particularly erroneous finding where, as in <u>Bird</u>, "[t]he VA rating

- 8 -

decision[s] reached in [the plaintiff's] case resulted from an evaluation of the <u>same condition and the same underlying evidence</u> that was relevant to the decision facing the SSA." <u>Id.</u> (emphasis added). In fact, with the exception of a few pages of records pertaining to physical therapy Plaintiff obtained outside of the VA, (<u>see</u> Tr. at 951-74), Plaintiff's treatment records from the VA constitute the <u>only</u> medical evidence in the record. (<u>See</u> Tr. at 169-75, 252-53, 255-850, 852-904, 906-10, 912-14, 917-50, 978-1000, 1002-186). Second, the ALJ failed to identify <u>any</u> grounds (let alone grounds that would amount to a clear demonstration under <u>Bird</u>) for affording the VA ratings less than substantial weight. (<u>See</u> Tr. at 77.)[1]

Defendant argues that <u>Mills v. Colvin</u>, No. 5:13-CV-432-FL, 2014 WL 4055818, at *7-*9 (E.D.N.C. Aug. 14, 2014) (unpublished) justifies the ALJ's rejection of the VA's disability ratings, because the <u>Mills</u> court found "appropriate" the ALJ's decision to discount the VA's rating as "based upon [the] plaintiff's diagnosed impairment [and] not the functional limitations

---

[1] The ALJ did state that the "VA treatment records from January 12, 2006 . . . do not substantiate that she is disabled, even considering a disability rating from the VA." (Tr. at 75.) The subsequent description does go into some detail as to the treatment records, but never explains why a 100% disability rating should be disregarded. Even assuming, as Defendant argues that the timing of the VA rating is a factor, (<u>see</u> Def.'s Mem. (Doc. 11) at 12-13), it is the ALJ's responsibility to identify grounds for accepting or rejecting evidence.

- 9 -

imposed by the impairment." (Def.'s Mem. (Doc. 11) at 12.)
However, Mills is distinguishable, because the ALJ in that case
expressly acknowledged the Bird decision, Mills, 2014 WL
4055818, at *9 ("The undersigned is mindful of the [Fourth
Circuit's] recent holding that a VA disability determination
must be accorded 'substantial weight' in Social Security
disability proceedings,"), and carefully explained why deviation
from Bird's substantial weight standard was warranted under the
facts of that case:

> [T]he claimant's rating for her spinal disorder is
> based on nothing more than her range of motion,
> according to the VA's rating regulations and the
> claimant's VA rating decision. The rating does not
> take into account the impact of the claimant's
> impairment on her ability to work or perform the seven
> exertion requirements of work that the undersigned
> must consider. Similarly, the claimant has been
> assigned a 30% rating for a hysterectomy, but there is
> no evidence before the undersigned that the fact that
> the claimant has had a hysterectomy in any way
> contributes to her inability to work or limits her
> function in any way. Additionally, according to the
> VA's rating schedule, the claimant has been assigned a
> rating of 40% for her incontinence because her
> condition requires the wearing of absorbent materials,
> which must be changed two to four times a day. Again,
> this rating is based solely on medical criteria
> without regard to the functional limitations that stem
> from the impairment. The same point could be made
> about the additional components of the claimant's VA
> rating decision. Virtually none of the rating
> criteria used is related to functional limitations.
> As such, the claimant's VA rating, as well as the
> opinions from the claimant's military doctors
> regarding her ability to work within the military, has
> little to no relevance to the disability determination
> the undersigned must make, and are therefore accorded
> little weight.

- 10 -

Case 1:14-cv-00660-WO-LPA   Document 12   Filed 09/22/15   Page 10 of 12

Id. at *8.  The ALJ's above-cited analysis, which clearly demonstrates the grounds for departure from the Bird substantial weight standard, is precisely what is lacking from the ALJ's decision in the instant case.  An ALJ must "explicitly detail the reasons for giving [a VA disability determination] less weight."  Thomas v. Colvin, Action No. 4:12CV179, 2013 WL 5962929, at *9 (E.D. Va. Nov. 6, 2013).  Further, citing to "different rules and different standards" as a rationale to give less than substantial weight to a VA disability determination is not enough, because such a rationale would apply to every case, and thus cannot clearly demonstrate a reason for departing from the Bird presumption.  Id.  Here, as in Thomas, the ALJ merely noted that she "was not bound" by the VA determination because of the different basis for the rating.  (Tr. at 77.)  As such, this court cannot tell if substantial evidence supports the ALJ's denial of benefits.

In sum, the ALJ reversibly erred by dismissing outright Plaintiff's VA disability ratings and by failing to adequately explain how the record "clearly demonstrates" that said ratings merit less than "substantial weight."  Bird, 699 F.3d at 343.  "On remand, the [SSA] should directly address [the weight attributable to] Plaintiff's VA disability rating[s] in light of the Fourth Circuit's decision in Bird, . . . and [should]

clearly identify the record evidence that supports any deviation from [the substantial weight] standard." Wilson v. Colvin, No. 1:11CV256, 2014 WL 4274253, at *6 (M.D.N.C. Aug. 29, 2014) (unpublished).[5]

**III. CONCLUSION**

Plaintiff has established an error warranting remand.

**IT IS THEREFORE ORDERED** that the Commissioner's decision finding no disability is **REVERSED** and that the matter is **REMANDED** under sentence four of 42 U.S.C. § 405(g), for further administrative proceedings that properly address Plaintiff's VA disability ratings in accordance with the Fourth Circuit's decision in Bird. As a result, Defendant's Motion for Judgment on the Pleadings (Doc. 10) is **DENIED,** and that Plaintiff's Motion for Judgment on the Pleadings (Doc. 8) is **GRANTED.**

A judgment consistent with this Memorandum Opinion and Order will be entered contemporaneously herewith.

This the 22nd day of September, 2015.

                               /s/ William L. Osteen, Jr.
                               United States District Judge

---

[5] Because reassessment of Plaintiff's VA disability ratings may well impact the ALJ's conclusions at step two regarding the severity of Plaintiff's mental impairments, the credibility analysis, and the RFC determination, the court declines to address Plaintiff's remaining assignments of error. (See Pl.'s Mem. (Doc. 9) at 2-8, 9-15.)

- 12 -

Case 1:14-cv-00660-WO-LPA   Document 12   Filed 09/22/15   Page 12 of 12